UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

                Plaintiff,

v.                                                      Case Number 13-20194
                                                      Honorable Thomas L. Ludington

JOHN HART,

                Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCOVERY, ASSISTANCE IN PRODUCING WITNESSES, OR DISMISSAL OF THE INDICTMENT, EXTENDING DATES, AND DETERMINING EXCLUDABLE DELAY**

"No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The question in this criminal case is what process is due Defendant John Hart. Charged with four counts of aggravated sexual abuse, he moves for an order directing the government to disclose the exculpatory material in its possession and further investigate for other information helpful to his defense. Absent this, Defendant requests that the indictment be dismissed.

The Due Process Clause, as interpreted by the Supreme Court, entitles Defendant to the exculpatory material in the prosecution's possession. But the clause does not entitle Defendant to have the prosecution act as his private investigator or have the indictment dismissed. Accordingly, Defendant's motion will be granted in part and denied in part.

**I**

Defendant, a Native American, is accused of sexually abusing two minor females. The first three incidents allegedly occurred 15–17 years ago. Sometime between December 1996 and

December 1998 (the prosecution has not specified precisely when), Defendant allegedly engaged in three sexual acts with M.H. on the Isabella Reservation.[1]  At the time, M.H. was 12–15 years old.

A decade or so later, Defendant allegedly abused another girl on the Isabella Reservation. Specifically, the prosecution alleges that on or about March 6, 2007 Defendant touched the naked genitalia of M.R.  At the time, she was not yet 12 years old.

In March 2013, a grand jury issued an indictment against Defendant, charging him with four counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(c), 1151, and 1153.

Defendant moved for discovery, assistance in locating and producing witnesses, or, in the alternative, dismissal of the indictment.  A hearing was held on the motion on July 30, 2013.

## II

### A

Defendant first requests that the prosecution be ordered to disclose all exculpatory material in its possession.  The prosecution, as it must, concedes that it will disclose this *Brady* material.  *See generally Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process.").

### B

Defendant next requests that the prosecution be directed to "disclose all information within it's [sic] present possession and make reasonable investigation to obtain exculpatory information essential to the defense of Defendant."  Def.'s Br. 4.  Defendant offers no authority to support this request.  And an independent review reveals that Defendant is not entitled to the

---

[1] The prosecution alleges that in the first incident, Defendant's mouth contacted M.H.'s genitals.  In the second and third, the prosecution alleges, his penis contacted her genitals.  In all three incidents, the prosecution also alleges, Defendant used force or threats or both against M.H.

prosecution's entire file — much less to have the prosecution commandeered to act as Defendant's private investigator.

**1**

The Supreme Court instructs that "the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675 (1985) (footnote omitted), *quoted in* Gov't's Resp. 2; *see also United States v. Agurs*, 427 U.S. 97, 106 (1976) ("[T]here is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor.").

That is, the prosecution must disclose *Brady* material. And while it can choose to disclose more than this, it is under no obligation to do so. The Court cannot order the prosecution to deliver its entire file to Defendant.

**2**

Nor can the Court order the prosecution to serve as Defendant's private investigator. The Supreme Court explains that "the *Brady* rule represents a limited departure from a pure adversary model." *Bagley*, 473 U.S. at 675 n.6. The rule, the Court notes, "is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur." *Id*. at 675.

Consequently, "*Brady* does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case." *East v. Scott*, 55 F.3d 996, 1004 (5th Cir. 1995) (quotation marks omitted) (quoting *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir. 1990)); *accord Armijo v. Tapia*, 288 F. App'x 530, 534 (10th Cir. 2008);

*United States v. White*, 970 F.2d 328, 337 (7th Cir. 1992); *United States v. Pandozzi*, 878 F.2d 1526, 1529 (1st Cir. 1989); *United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989).

Put differently, "while the prosecution has a duty to *disclose* exculpatory evidence, it has no duty to seek out or investigate information that would lead to exculpatory evidence. That is, the government has no obligation to act as an investigator for the defense." Stephen Saltzburg & Daniel Capra, *American Criminal Procedure* 1016–17 (9th ed. 2010) (emphasis in original) (citing *Arizona v. Youngblood*, 488 U.S. 51 (1988)); *see generally* 2 Charles Alan Wright et al., *Federal Practice & Procedure* § 256 (4th ed. 2009) ("Exculpatory evidence held by other investigative agencies that are part of the prosecution team is considered to be in the possession of the prosecutor and subject to *Brady* . . . . The government, however, is not required to seek out information from other sources, such as state police agencies or courts, that may be favorable to the defendant unless those agencies worked with the prosecutor.").

Defendant is not entitled to an order forcing the prosecution to turn over its file or conduct an investigation for exculpatory evidence on Defendant's behalf.

**C**

Finally, arguing in the alternative, Defendant requests that the Court dismiss the indictment. He writes "[t]hat without the assistance of the Government through disclosure of the information now available to it, and which can be obtained through reasonable inquiry of sources not available to Defendant, the ability of Defendant to defend the charges against him alleged to have occurred between December 9, 1996, and December 8, 1998, and on March 6, 2007, is so prejudiced as a result of the delay and actions of the Government that dismissal of the charges against Defendant is required." Def.'s Mot. 5. Again, Defendant offers no authority for

his assertion (although in passing he does reference the Due Process Clause). And again, an independent review reveals that the assertion lacks merit.

First, to the extent that Defendant is arguing that his due process rights will be violated unless he receives the prosecution's entire file and its services as his private investigator, his argument lacks merit for reasons discussed above.

The interval between some of the alleged misconduct and the indictment does not alter this conclusion. As a threshold matter, the Supreme Court instructs that the Due Process Clause requires dismissal of the indictment if it is shown that pre-indictment delay "caused substantial prejudice to [the defendant's] rights to a fair trial *and* that the delay was an intentional device to gain tactical advantage over the accused." *United States v. Marion*, 404 U.S. 307, 324 (1971) (emphasis supplied).

And, as another district court has observed: "The Sixth Circuit has consistently held that dismissal for pre-indictment delay is warranted only when the defendant shows that the delay was an intentional device by government to gain a tactical advantage." *United States v. Mask*, 154 F. Supp. 2d 1344, 1351 (W.D. Tenn. 2001) (collecting cases); *see, e.g.*, *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992) (noting that "[d]ismissal for pre-indictment delay is warranted only when the defendant shows [1] substantial prejudice to his right to a fair trial *and* [2] that the delay was an intentional device by the government to gain a tactical advantage") (emphasis and brackets in original) (quoting *United States v. Brown*, 667 F.2d 566, 568 (6th Cir.1982) (per curiam)).

Here, Defendant has not alleged — much less shown — that the interval between the alleged misconduct and the indictment was an intentional device by the prosecution to gain a

tactical advantage. Indeed, he acknowledges that the alleged misconduct did not come to the prosecution's attention until 2012.

### III

Accordingly, it is **ORDERED** that Defendant's motion for discovery, assistance in locating witnesses, or dismissal (ECF No. 18) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendant's request the prosecution disclose all *Brady* material in its possession to Defendant is **GRANTED**. Defendants remaining requests are **DENIED**.

It is further **ORDERED** that discovery is **EXTENDED** to September 30, 2013.

It is further **ORDERED** that the final pretrial conference will be held on October 22, 2013, at 2:30 pm

It is further **ORDERED** that the trial will begin on November 5, 2013, at 8:30 am.

It is further **ORDERED** that the time from June 4, 2013 to August 8, 2013, is **DETERMINED** to be **EXCLUDABLE DELAY** pursuant to 18 U.S.C. §§ 3161(h)(1)(D).

It is further **ORDERED** that the time from August 8, 2013 to November 5, 2013, is **DETERMINED** to be **EXCLUDABLE DELAY** pursuant to 18 U.S.C. §§ 3161(h)(7)(B).

Dated: August 8, 2013

          s/Thomas L. Ludington
          THOMAS L. LUDINGTON
          United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 8, 2013.

        s/Tracy A. Jacobs
        TRACY A. JACOBS